# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD J. HILL and MAXINE HILL, | 1:19-cv-12783-NLH-AMD |
| Plaintiff, | **OPINION** |
| v. | |
| BURGEON LEGAL GROUP, LTD. CO., et al., | |
| Defendants. | |

**APPEARANCES**:

RHONDA HILL WILSON
LAW OFFICE OF RHONDA HILL WILSON, P.C.
SUITE 820
1500 JOHN F. KENNEDY BLVD
PHILADELPHIA, PA 19102
  *On behalf of Plaintiffs*

CHRISTIAN M. SCHEUERMAN
MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, PC
CHERRY TREE CORPORATE CENTER
535 ROUTE 38 EAST - SUITE 501
CHERRY HILL, NJ 08002
  *On behalf of Defendant Burgeon Legal Group, Ltd. Co. and Ivana Grujic, Esq.*

KYLE L. WU
MICHAEL R. MILLER
MARGOLIS EDELSTEIN
THE CURTIS CENTER, SUITE 400 EAST
170 SOUTH INDEPENDENCE WEST MALL
PHILADELPHIA, PA 19106
  *On behalf of Defendant Timothy K. McHugh, Esq.*

CASEY R. LANGEL
JAMES BUCCI
GENOVA BURNS LLC
2 RIVERSIDE DRIVE - SUITE 502
CAMDEN, NJ 08103
  *On behalf of Defendants Genesis Healthcare Corporation And*

*1420 South Black Horse Pike Operations, LLC dba Meadowview Nursing and Respiratory Care*

**HILLMAN, District Judge**

Plaintiff Edward J. Hill is the son of Plaintiff Maxine Hill.  Maxine Hill resides at Defendant 1420 South Black Horse Pike Operations, LLC dba Meadowview Nursing and Respiratory Care ("Meadowview"), which is a residential skilled nursing home and long-term care provider.  Maxine Hill is quadriplegic and ventilator-dependent, allegedly caused from complications from surgery performed on April 18, 2018, and she has resided at Meadowview since July 8, 2018.  Edward Hill holds power-of-attorney for his mother, who remains mentally competent.[1]

On May 22, 2019, Plaintiffs filed a complaint against Defendants (1) Meadowview, (2) counsel for Meadowview, Ivana Grujic, who filed a verified complaint for conservatorship for Maxine Hill in New Jersey state court, (3) the court-appointed attorney for Maxine Hill with regard to a verified complaint for conservatorship, Timothy K. McHugh, (4) the owner/operator of

---

[1] The Court takes this background information, as it may, from a verified complaint for conservatorship filed in New Jersey state court which sought to appoint a conservator for Maxine Hill, and is attached to Defendant Timothy K. McHugh's motion to dismiss (Docket No. 17-4).  See S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999) (explaining that a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice).

2

Meadowview, Genesis Healthcare Corporation, and (5) Burgeon Legal Group, Ltd. Co., the law firm with which Grujic is affiliated. All of Plaintiffs' claims arise out of a purported debt owed by Plaintiffs.

Plaintiffs claim that Defendants Grujic and Meadowview violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. (Count I). Plaintiffs claim that Defendants Burgeon, Grujic, McHugh, Genesis, and Meadowbrook violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. (Count II). Plaintiffs claim that Defendants Burgeon, Grujic, McHugh, Genesis, and Meadowbrook violated the Federal Trade Commission Act ("FTC"), 15 U.S.C. § 45, et seq.

All Defendants have moved to dismiss Plaintiffs' claims against them. Plaintiffs have filed oppositions to Defendants' motions, although they do not contest certain arguments presented by some of the Defendants, as noted below.

## DISCUSSION

### A. Subject Matter Jurisdiction

This Court has federal question jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331.

### B. Standard for Motion to Dismiss

Under Rule 8(a), a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader

3

is entitled to relief." Fed. R. Civ. P. 8(a)(2). Even though Rule 8(a) does not require that a complaint contain detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face," and that facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

**C. Analysis**

**1. *Plaintiffs' claims that Defendants Grujic and Meadowview violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. (Count I)***

The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." Cortez v. Trans Union, LLC, 617 F.3d 688, 706 (3d Cir. 2010). The FCRA places certain duties on credit reporting agencies and those who furnish information to consumer

4

reporting agencies. The furnisher of information has a duty to provide accurate information to the credit reporting agency, 15 U.S.C. § 1681s-2(a), and the credit reporting agency must investigate promptly any reports of inaccuracies, 15 U.S.C. § 1681s-2(b). The FCRA has several provisions that create liability for violations of the Act, but some cannot be used by a private individual to assert a claim for a violation of § 1681s-2(a), as such claims are only available to the Government. SimmsParris v. Countrywide Financial Corp., 652 F.3d 355, 358 (3d Cir. 2011).

Although a private citizen may bring an action under 15 U.S.C. § 1681s-2(b), this cause of action is not without limitations. Id. The duties that are placed on furnishers of information by this subsection are implicated only "[a]fter receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency." 15 U.S.C. § 1681s-2(b)(1). Notice under § 1681i(a)(2) must be given by a credit reporting agency, and cannot come directly from the consumer. Id. (citation omitted).

To state a viable claim under the FCRA regarding the interplay between the furnisher and the credit reporting agency, a plaintiff must allege that she "(1) sent notice of disputed information to a consumer reporting agency, (2) the consumer

5

reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information." Gittens v. Sterling Jewelers Inc., 2016 WL 828098, at *2 (D.N.J. 2016) (citing SimmsParris, 652 F.3d at 358). "The furnisher's duty to investigate is not triggered until it receives notice from the credit reporting agency of the consumer's dispute." Id. (citations omitted).

Plaintiffs' FCRA violation claim against Grujic and Meadowview provides:

> 21. In this instance, Edward J. Hill informed Defendants Gurjic [sic] and Meadowview, over the telephone and/or in writing, that the Plaintiffs disputed the completeness or accuracy of information furnished by Defendants to a third person, Defendants continued to furnish the information to third persons without providing notice that such information is disputed by the consumer.
>
> 22. The acts and practices alleged in Paragraph 21 constitute violations of Section 623(a)(3) of the FCRA, 15 U.S.C. § 1681s-2(a)(3).

(Docket No. 1 at 6-7.)

Defendants have moved to dismiss this claim because no private cause of action exists under § 1681s-2(a), and Plaintiffs have not pleaded a § 1681s-2(b) claim, but even if they had, Defendants are not "furnishers" as defined by the FCRA. In response, Plaintiffs state they withdraw their FCRA claim against Grujic and Meadowview. The Court will therefore dismiss without prejudice Count I of Plaintiffs' complaint.

6

### 2. *Plaintiffs' claim that Defendants Burgeon, Grujic, McHugh, Genesis, and Meadowbrook violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. (Count II)*

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e. The FDCPA prohibits "debt collector[s]" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Id.

To prevail on a FDCPA claim, a plaintiff must demonstrate that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a "debt" as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt. Tatis v. Allied Interstate, LLC, 882 F.3d 422, 427 (3d Cir. 2018).

Section 1693e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. In turn, § 1692e(10) specifically prohibits "[t]he use of any false representation or deceptive means to collect or attempt to

collect any debt or to obtain information concerning a consumer." Caprio v. Healthcare Revenue Recovery Group, LLC, 709 F.3d 142, 154–55 (3d Cir. 2013).

Plaintiffs' FDCPA violation claim provides:

24. In connection with the collection of a debt, Defendants, Burgeon, Grujic, McHugh, Genesis, and Meadowview, directly or indirectly, have used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. §1692e, including, but not limited to, the following:

> a. In numerous instances, Defendants, directly or indirectly, have used false or misleading representations concerning the character, amount or legal status of a debt, in violation of Section 807(2) of the FDCPA, 15 U.S.C. V. §1692e; and/or
> b. Defendants, directly or indirectly, have communicated to third party is in violation of Section 807(10) of the FDCPA, 15 U.S.C. §1692e(10).

(Docket No. 1 at 7-8.)

Defendants have moved to dismiss Plaintiffs' FDCPA claim on various bases, but primarily because it collectively and in conclusory fashion alleges FDCPA violations without any factual underpinning. The Court agrees. At a minimum, Plaintiffs must plead some facts to specifically allege for each defendant that he, she, or it is a debt collector who took a particular action to collect a debt that was in violation of a provision of the FDCPA. Plaintiffs lump their FDCPA claims against a law firm, two lawyers, and two healthcare facilities without specifying who did what in violation of the FDCPA. The Court must dismiss

8

without prejudice Count II for failure to state a cognizable claim under Rule 8 and Twombly/Iqbal.

> **3.** *Plaintiffs' claim that Defendants Burgeon, Grujic, McHugh, Genesis, and Meadowbrook violated the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45, et seq. (Count III)*

Plaintiffs claim that Defendants' actions relative to a purported debt, as well as communications regarding helping Plaintiffs fill out a Medicaid application, violate the Federal Trade Commission Act ("FTCA"). The FTCA declares "[u]nfair methods of competition in or affecting commerce" to be unlawful, 15 U.S.C. § 45(a)(1), and directs the Federal Trade Commission ("FTC") to prevent violations of the Act, id. § 45(a)(2). The FTC has multiple instruments in its toolbox to combat unfair methods of competition; among these are administrative proceedings and lawsuits in federal court. See id. §§ 45(b), 53(b).

It is well-settled that there is no private cause of action for violation of the FTC. Robinson v. Wingate Inns Intern., Inc., 2013 WL 6860723, at *2 (D.N.J. 2013) (citing Sandoz Pharm. Corp. v. Richardson–Vicks, Inc., 902 F.2d 222, 231 (3d Cir. 1990) (noting that the FTC statute does not create "an express or implied private right of action"); see also Sandoz, 902 F.2d at 227 ("[T]he Lanham Act, unlike the FD&C Act and the FTC Act, expressly establishes a private remedy for any violation

thereunder."); Kim v. Genesis Co., Ltd, 2017 WL 4861669, at *4 (D.N.J. 2017) (noting that courts have almost uniformly rejected an implied right of action under the FTCA, and referencing Guernsey v. Rich Plan of Midwest, 408 F. Supp. 582 (N.D. Ind. 1976), a lone outlier case cited by Plaintiffs here that recognized a private right of action under the FTCA, and finding that there was "no need to relitigate whether the FTCA encompasses a private right of action; I hold that it does not") (quoting Ziglar v. Abbasi, 137 S. Ct. 1843, 1856 (2017) ("If the statute itself does not displa[y] an intent to create a private remedy, then a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute.")).

Plaintiffs' FTCA claim fails as a matter of law because the FTCA does not permit Plaintiffs to privately bring such a claim. Count III must be dismissed with prejudice.

## CONCLUSION

For the reasons expressed above, the Court will grant Defendants' motions to dismiss. Plaintiffs' FCRA and FDCPA claims will be dismissed without prejudice. Plaintiffs' FTCA claim will be dismissed with prejudice.

Citing to Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007), Plaintiffs contend that they should be granted leave to file an amended

10

complaint before dismissing the complaint as "merely deficient." This amendment-as-of-right rule, however, only applies to civil rights cases. See Fletcher-Harlee, 482 F.3d at 252-53 (noting that in other cases "we implicitly rejected any argument that, outside of civil rights cases, district courts must *sua sponte* grant leave to amend before dismissing a complaint for failure to state a claim," and that "we have held that a failure to submit a draft amended complaint is fatal to a request for leave to amend," and "in ordinary civil litigation it is hardly error for a district court to enter final judgment after granting a Rule 12(b)(6) motion to dismiss when the plaintiff has not properly requested leave to amend its complaint").

This case does not present civil rights claims, and Plaintiffs did not provide a proposed amended complaint to support their request for leave to file an amended complaint. Nevertheless, the Court will afford Plaintiffs 30 days to file an amended complaint to assert claims that have not been dismissed with prejudice by this Opinion and accompanying Order, if they wish to so, and they can do so in compliance with Rule 8, Twombly/Iqbal, and Federal Rule of Civil Procedure 11.

An appropriate Order will be entered.


Date: January 10, 2020	s/ Noel L. Hillman
At Camden, New Jersey	NOEL L. HILLMAN, U.S.D.J.