UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD J. HILL, individually, and as Administrator ad Prosequendum for the Estate of Maxine Hill, | 1:19-cv-12783-NLH-AMD<br><br>OPINION |
| Plaintiffs, | |
| v. | |
| BURGEON LEGAL GROUP, LTD. CO.[1] and IVANA GRUJIC, ESQ., | |
| Defendants. | |

**APPEARANCES**:

RHONDA HILL WILSON
LAW OFFICE OF RHONDA HILL WILSON, P.C.
SUITE 820
1500 JOHN F. KENNEDY BLVD
PHILADELPHIA, PA 19102

   *On behalf of Plaintiffs*

CHRISTIAN M. SCHEUERMAN
MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, PC
CHERRY TREE CORPORATE CENTER
535 ROUTE 38 EAST - SUITE 501
CHERRY HILL, NJ 08002

   *On behalf of Defendant Stotler Hayes Legal Group, LLC f/k/a Burgeon Legal Group, Ltd. Co. and Ivana Grujic, Esq.*

**HILLMAN**, District Judge

   Plaintiff Edward J. Hill is the son of Maxine Hill.  Maxine

---

[1] Burgeon Legal Group, Ltd. Co. is now known as Stotler Hayes Legal Group, LLC.

Hill resided at Defendant 1420 South Black Horse Pike Operations, LLC d/b/a Meadowview Nursing and Respiratory Care ("Meadowview"), which is a residential skilled nursing home and long-term care provider. Maxine Hill was a quadriplegic and ventilator-dependent, allegedly caused from complications from surgery performed on April 18, 2018, and she had resided at Meadowview since July 8, 2018. Edward Hill held power-of-attorney for his mother, who remained mentally competent until her death on December 22, 2019. He now serves as the administrator of her estate and in that capacity has substituted as the proper party for Maxine Hill.[2]

On May 22, 2019, Plaintiffs filed a complaint against Defendants (1) Meadowview, (2) counsel for Meadowview, Ivana Grujic, who filed a verified complaint for conservatorship for Maxine Hill in New Jersey state court, (3) the court-appointed attorney for Maxine Hill with regard to a verified complaint for conservatorship, Timothy K. McHugh, (4) the owner/operator of Meadowview, Genesis Healthcare Corporation, and (5) Burgeon Legal Group, Ltd. Co., now known as Stotler Hayes Legal Group, LLC, the law firm with which Grujic is affiliated. All of

---

[2] Maxine Hill was a named Plaintiff in this action. A notice of her death was filed on February 10, 2020. (Docket No. 35.) Edward Hill, as the administrator of Maxine Hill's estate, was substituted as a real party of interest pursuant to Fed. R. Civ. P. 25(a)(1). (Docket No. 36.)

Plaintiffs' claims arose out of a purported debt owed by Plaintiffs.

On January 10, 2020, the Court dismissed Plaintiffs' complaint, which had alleged the following.  Plaintiffs claimed that Defendants Grujic and Meadowview violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. (Count I). Plaintiffs claimed that Defendants Burgeon, Grujic, McHugh, Genesis, and Meadowbrook violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. (Count II). Lastly, Plaintiffs claimed that Defendants Burgeon, Grujic, McHugh, Genesis, and Meadowbrook violated the Federal Trade Commission Act ("FTC"), 15 U.S.C. § 45, et seq.

The Court dismissed Plaintiffs' FCRA and FDCPA claims without prejudice, and dismissed Plaintiffs' FTCA claim with prejudice.  The Court afforded Plaintiffs 30 days to file an amended complaint.  (See Docket No. 32.)

On February 10, 2020, Plaintiffs filed an amended complaint against the same Defendants asserting one count for their alleged violations of the FDCPA.[3]  Subsequently, Plaintiffs voluntarily dismissed their claims against all Defendants except

---

[3] Plaintiffs' amended complaint references the FTC, but any claims based on the FTC have been dismissed with prejudice because there is no private cause of action for a violation of the FTC.  (Docket No. 32 at 9.)

3

for Stotler Hayes Legal Group, LLC ("Stotler") and Grujic.[4]

Stotler and Grujic have again moved to dismiss Plaintiffs' FDCPA claims against them. Plaintiffs have opposed that motion.[5]

## DISCUSSION

**A.   Subject Matter Jurisdiction**

This Court has federal question jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331.

**B.   Standard for Motion to Dismiss**

Under Rule 8(a), a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Even though Rule 8(a) does not require that a complaint contain detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a

---

[4] Prior to the stipulation of dismissal as to Defendant Timothy K. McHugh, Esq., McHugh filed a motion to dismiss. (Docket No. 40.) The motion is now moot.

[5] Plaintiffs have opposed Defendants' motion by contesting the substance of Defendants' arguments regarding Plaintiffs' FDCPA claims. In their brief, Plaintiffs have also alleged that Defendants have violated the Rules of Professional Conduct through their contacts with Plaintiffs despite being represented by counsel. (See Docket No. 45 at 13.) The alleged contacts between several of the named Defendants and Maxine Hill relating to assisting her in obtaining Medicare are generally asserted in Plaintiffs' amended complaint, but Plaintiffs do not assert any separate claims against Stotler and Grujic for their alleged violation of the RPCs. Accordingly, the Court need address these allegations at this time.

cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face," and that facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

**C.   Analysis**

As set forth by the Court in the prior Opinion, the purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e. The FDCPA prohibits "debt collector[s]" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Id.

To prevail on a FDCPA claim, a plaintiff must demonstrate that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a "debt" as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to

5

collect the debt.  Tatis v. Allied Interstate, LLC, 882 F.3d 422, 427 (3d Cir. 2018).

Section 1693e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e. In turn, § 1692e(10) specifically prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  Caprio v. Healthcare Revenue Recovery Group, LLC, 709 F.3d 142, 154–55 (3d Cir. 2013).

Plaintiffs' FDCPA violation count in her amended complaint is identical to the one in her original complaint:

> 24. In connection with the collection of a debt, Defendants, Burgeon, Grujic, McHugh, Genesis, and Meadowview, directly or indirectly, have used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. §1692e, including, but not limited to, the following:
>
>> a.  In numerous instances, Defendants, directly or indirectly, have used false or misleading representations concerning the character, amount or legal status of a debt, in violation of Section 807(2) of the FDCPA, 15 U.S.C. V. §1692e; and/or
>> b.  Defendants, directly or indirectly, have communicated to third party is [sic] in violation of Section 807(10) of the FDCPA, 15 U.S.C. §1692e(l0).

(Docket No. 1 at 7-8; Docket No. 34 at 4, para. 19.b.)

Plaintiffs elaborate on this claim in their amended complaint by claiming that Grujic and the other defendants

6

endeavored to assist Maxine Hill with obtaining Medicare, but these efforts were improper because Maxine Hill was represented by counsel, she did not require or desire a conservator to be appointed, and Grujic and the other defendants did not reveal to Plaintiffs their conflict of interest because they were attempting to collect a debt.  (Docket No. 34 at 5-8.) Plaintiffs allege that "Defendants in this matter falsely represented to Plaintiffs the character and the legal statutes of an alleged debt and made false and misleading statements to the Plaintiffs and third parties."  (Id. at 8.)

    Grujic and Stotler have moved to dismiss Plaintiffs' FDCPA count against them because Plaintiffs have not sufficiently alleged they are debt collectors under the FDCPA, Plaintiffs have failed to show that they were attempting to collect a debt that was in default, which is required under the FDCPA, and Plaintiffs have failed to specify the debt Defendants allegedly were attempting to collect.

    The Court finds that Plaintiffs have failed to plead the nature of the alleged debt that Defendants allegedly attempted to collect, which is a fundamental flaw in their FDCPA claim. The FDCPA defines a "debt" as follows:  "The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction

7

are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

Although it can be surmised that the alleged debt at issue concerns the cost of the services provided by Meadowview to Maxine Hill, that specific allegation is absent from Plaintiffs' complaint. Without a description of the alleged "obligation" of Plaintiffs to "pay money" that Defendants were attempting to collect, Plaintiffs have failed to plead the primary and most basic element of a viable FDCPA claim. Moreover, in the absence of a specified "debt" as defined by the FDCPA, the other elements of a viable FDCPA claim cannot be determined. See Tatis, 882 F.3d at 427 (explaining that to prove a FDCPA violation claim, a plaintiff must show a "debt" as the FDCPA defines it, as well as that she is a consumer, the defendant is a debt collector, and the defendant has violated a provision of the FDCPA in attempting to collect the debt).

Plaintiffs' complaint leaves unanswered the question, "What debt?" The conclusory allegation that Defendants attempted to collect a debt without any description of the alleged debt prevents Plaintiffs' FDCPA count from being "plausible on its face." Ashcroft, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). Consequently, the Court must again dismiss Plaintiffs' FDCPA claim against Grujic and Stotler.

**CONCLUSION**

For the reasons expressed above, the Court will grant Defendants' motions to dismiss.  Plaintiffs' FDCPA claims will be dismissed without prejudice.[6]

An appropriate Order will be entered.


Date: September 22, 2020                s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.

---

[6] Plaintiffs do not seek leave to file a second amended complaint.  The Court is not obligated to provide Plaintiffs with a third opportunity to sufficiently plead their FDCPA count.  See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252-53 (3d Cir. 2007) (noting "we implicitly rejected any argument that, outside of civil rights cases, district courts must *sua sponte* grant leave to amend before dismissing a complaint for failure to state a claim," and that "we have held that a failure to submit a draft amended complaint is fatal to a request for leave to amend," and "in ordinary civil litigation it is hardly error for a district court to enter final judgment after granting a Rule 12(b)(6) motion to dismiss when the plaintiff has not properly requested leave to amend its complaint").

9