## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

EDWARD J. HILL, individually,
and as Administrator ad
Prosequendum for the Estate
of Maxine Hill,

        Plaintiffs,

   v.

BURGEON LEGAL GROUP, LTD.
CO.[1] and IVANA GRUJIC, ESQ.,

        Defendants.

1:19-cv-12783-NLH-AMD

**MEMORANDUM OPINION & ORDER**

---

**APPEARANCES**:

RHONDA HILL WILSON
LAW OFFICE OF RHONDA HILL WILSON, P.C.
SUITE 820
1500 JOHN F. KENNEDY BLVD
PHILADELPHIA, PA 19102

   *On behalf of Plaintiffs*

CHRISTIAN M. SCHEUERMAN
MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, PC
CHERRY TREE CORPORATE CENTER
535 ROUTE 38 EAST - SUITE 501
CHERRY HILL, NJ 08002

   *On behalf of Defendant Stotler Hayes Legal Group, LLC f/k/a*
   *Burgeon Legal Group, Ltd. Co. and Ivana Grujic, Esq.*

**HILLMAN**, District Judge

   WHEREAS, Plaintiffs' original complaint had alleged

violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.

---

[1] Burgeon Legal Group, Ltd. Co. is now known as Stotler Hayes
Legal Group, LLC.

§ 1681, et seq., the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Federal Trade Commission Act ("FTC"), 15 U.S.C. § 45, et seq.; and

WHEREAS, on January 10, 2020, the Court dismissed Plaintiffs' FCRA and FDCPA claims without prejudice, dismissed Plaintiffs' FTCA claim with prejudice, and the Court afforded Plaintiffs 30 days to file an amended complaint (Docket No. 32); and

WHEREAS, on February 10, 2020, Plaintiffs timely filed an amended complaint against the same Defendants asserting one count for their alleged violations of the FDCPA; and

WHEREAS, subsequently, Plaintiffs voluntarily dismissed their claims against all Defendants except for Stotler Hayes Legal Group, LLC ("Stotler") and Grujic, and Stotler and Grujic again moved to dismiss Plaintiffs' FDCPA claims against them; and

WHEREAS, on September 22, 2020, the Court granted Defendants' motion, and dismissed Plaintiffs' amended complaint for failure to state a cognizable FDCPA claim (Docket No. 50); and

WHEREAS, in the Court's Opinion, it noted that Plaintiffs had not sought leave to file a second amended complaint, and that the Court was not obligated to provide Plaintiffs with a third opportunity to sufficiently plead their FDCPA count,

citing to <u>Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.</u>, 482 F.3d 247, 252-53 (3d Cir. 2007) (noting "we implicitly rejected any argument that, outside of civil rights cases, district courts must *sua sponte* grant leave to amend before dismissing a complaint for failure to state a claim," and that "we have held that a failure to submit a draft amended complaint is fatal to a request for leave to amend," and "in ordinary civil litigation it is hardly error for a district court to enter final judgment after granting a Rule 12(b)(6) motion to dismiss when the plaintiff has not properly requested leave to amend its complaint") (Docket No. 50 at 9 n.6); and

WHEREAS, on October 21, 2020, Plaintiffs filed a notice of appeal of this Court's September 22, 2020 Opinion and Order to the U.S. Court of Appeals for the Third Circuit (Docket No. 53); and

WHEREAS, on November 5, 2020, Plaintiffs filed a motion for leave to file a second amended complaint (Docket No. 57); but

WHEREAS, this Court may not consider Plaintiffs' motion because "'the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal,'" <u>Venen v. Sweet</u>, 758 F.2d 117, 120-21 (3d Cir. 1985) (quoting <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56, 58,

(1982)) (other citations omitted); and

WHEREAS, this Court may take certain actions after an appeal has been filed, but those circumstances are limited, and they are not present here, see Venen, 758 F.2d at 121 n.2 ("[D]uring the pendency of an appeal [the district court] is not divested of jurisdiction to determine an application for attorney's fees.  Neither is it without jurisdiction to issue orders regarding the filing of bonds or supersedeas bonds, or to modify, restore, or grant injunctions.  A district court also retains jurisdiction to issue orders with reference to the record on appeal, and to vacate a bail bond and order arrest." (citations omitted)); Thomas v. Northeastern University, 470 F. App'x 70, 71-72 (3d Cir. 2012) (explaining that "[a] lower court may proceed in a case where an appeal is taken from a non-appealable order," but a district court's dismissal of a complaint for failure to state a claim is an appealable order); Fed. R. App. P. 4(a) (providing that even after a party has filed a notice of appeal, the district court may still consider motions (i) for judgment under Rule 50(b); (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment; (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58; (iv) to alter or amend the judgment under Rule 59; (v) for a new trial under Rule 59; or

4

(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered); and

WHEREAS, because Plaintiffs' motion for leave to file a second amended complaint does not constitute one of the limited circumstances where this Court may act after a notice of appeal has been filed, this Court lacks subject matter jurisdiction to consider Plaintiffs' motion for leave to file a second amended complaint, and such motion must be denied, see, e.g., Thomas, 470 F. App'x at 71 (affirming the district court's denial of the plaintiff's motion for leave to file an amended complaint after it had dismissed the plaintiff's complaint and the plaintiff had filed a notice of appeal because the plaintiff's notice of appeal had divested the district court of jurisdiction to consider the plaintiff's motion);

THEREFORE,

IT IS on this ____17th____ day of ____November____, 2020

ORDERED that Plaintiffs' MOTION for Leave to File Second Amended Complaint [57] be, and the same hereby is, DENIED for lack of subject matter jurisdiction.


                                    s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.


5